10125

MILLER v. GOODWIN *ET AL.*

(98 S. E. 129.)

1. REFERENCE — PROCEEDINGS — RIGHT TO MAKE.—A resident Judge in chambers may refer cause to master for taking of testimony during term time after proper notice, notwithstanding that notice of application for reference had been made to presiding Judge in same county.

2. APPEAL AND ERROR—ORDERS APPEALABLE.—An order of reference to master for taking of testimony by resident Judge in chambers during term time and after proper notice, not affecting substantial rights, is not appealable.

Before TOWNSEND, J., Richland, at chambers, April 4, 1918. Affirmed.

Action by E. McKay Miller against George Goodwin, Gus F. Wiles and others. From an order referring cause to the master, the defendants named appeal.

*Mr. Barnard B. Evans,* for appellants, submits: *That Judge Townsend was without jurisdiction to grant the order appealed from:* Code of 1912, vol. VII, sec. 3833; Code of 1912, vol. II, sec. 330; 25 S. C. 72; 97 S. C. 459; 98 S. C. 184; 24 Am. St. Rep. 366; 79 S. C. 557; 104 S. C. 393. *The order deprived appellants of a mode of trial to which they were entitled, and is, therefore, appealable:* 49 S. C. 423. *Question of jurisdiction may be raised at any time, even in the Supreme Court:* 79 S. C. 557.

*Mr. Hunter A. Gibbes,* for plaintiff-respondent, cites: *As to the jurisdiction and power of a Circuit Judge at chambers:* Code, vol. II, sec. 440, sec. 442; 55 S. C. 379; 68 S. C. 118.

January 21, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of his Honor, Judge Townsend, resident Judge of the Fifth Circuit, referring

the cause to the master made in term time while a presiding
Judge was holding the Court of the Fifth Circuit.
1, 2    Notice having been given that application would be
made to the presiding Judge for an order of refer-
ence, but this notice was withdrawn, and notice given that
application would be made to the resident Judge.   The
appeal raises the question whether the resident Circuit Judge
at chambers has jurisdiction to grant after notice an order
of reference to take testimony after notice of application
for a similar order has been made that application would be
made to the presiding Judge holding Court in the same
county.   There is no merit in the appeal.   An order of this
kind can be made either by the presiding or resident Judge
after proper notice.   No substantial rights of the appellants
have been violated, and the order appealed from is not
appealable.

Judgment affirmed.