## 10328

### MILLER v. GOODWIN ET AL.
#### (101 S. E. 834.)

1. MORTGAGES—PURCHASER AT FORECLOSURE HAS REASONABLE TIME TO INVESTIGATE TITLE.—A purchaser of land at a mortgage foreclosure sale is entitled to a reasonable time to investigate the title, but is not entitled to a time extending over several months.

2. MORTGAGES—MASTER ERRED IN NOT PERMITTING MORTGAGOR TO PAY JUDGMENT AFTER BIDDER AT FORECLOSURE REFUSED TO COMPLY WITH BID.—Where purchaser at mortgage foreclosure sale refused to comply with his bid on account of an appeal pending as to the legality of an order of reference and an alleged defect in title, the master erred in then refusing to permit the mortgagor to pay the judgment and costs.

Before SEASE, J., Richland, Spring term, 1919. Affirmed nisi.

Action by E. McKay Miller against George Goodwin and others to foreclose a mortgage. From an order confirming master's report of sale, the named defendant appeals.

*Mr. Barnard B. Evans,* for George Goodwin, appellant, cites: *As to the confirmation of sale being appealable:* 23 S. C. 106. *As to tender:* 88 S. C. 525. *As to judicial sales and rights of purchasers—and stay pending appeal: Bank v. Farmington,* —; 99 S. C. 475, 115; 87 S. C. 351.

*Mr. Hunter A. Gibbes,* for respondent, submits: *A stay of sale, pending appeal from decree of foreclosure, is not permitted unless the appellant has executed the written undertaking required:* 19 S. C. 201; 30 S. C. 348. *It is the policy of the law to support judicial sales:* 25 S. C. 175; 83

S. C. 172; 16 S. C. 281; 18 S. C. 126; 23 S. C. 514. *A sale was complied with after the time fixed in order of sale for a resale, held no ground for vacating the sale and cancelling deed:* 16 S. C. 503. *Plaintiff's attorney may purchase at judicial sale:* 19 S. C. 559. *As to the effect of time in regard to the specific performance of agreements:* 5 Rich. Eq. 370; 5 S. C. 462; 5 S. C. 450. *Under the law of this State "if a proper tender be made to the mortgagee, the mortgage lien is discharged:* 26 S. C. 337; 16 S. C. 427. *But there was no proper tender here. Since the act of 1791 there has been no equity of redemption in favor of the real estate mortgagor in this State:* Code, vol. I, sec. 3460; 2 Brevard 211. *A purchaser at a master's sale is entitled to have the title examined:* 35 S. C. 326; 1 DeS. 382; Adams' Equity 217; 51 S. C. 559. *A valid and binding contract of sale is made as soon as the property is struck off to the successful bidder, there being either an expressed or implied acceptance of his bid. Therefore he cannot retract or withdraw his bid. He may transfer it to another person:* 27 Cyc. 1701; 32 Ill. 331; 43 Mich. 322; 2 Disn. (Ohio) 213. *If purchaser does not comply with his purchase, and no resale is had, he is liable for the damages resulting from his default:* 24 Cyc. 56. *Purchaser at master's sale is entitled to have his title reported upon:* 35 S. C. 314. *Sale of land under a judgment by probate Court for sale of land in aid of assets, cannot be impeached by proof of payment or tender of part of the indebtedness of the estate, and where no notice of tender was given at the sale, purchaser takes title unaffected by the tender:* 71 S. C. 31; 20 S. C. 514. *Tender must be for full amount in order to be effective:* 39 S. C. 1; 2 Bail. 274.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from order of Judge Sease confirming master's report of sale of real estate under decree of fore-

closure and sale and issuing order to put purchaser in possession and refusing to allow appellant to pay the amount of judgment under a former order of the Circuit Judge.

The respondent's statement of facts is:

"This action was commenced October 26, 1917, for the purpose of foreclosing a mortgage of real estate executed April 10, 1914. By order of reference the case was referred to the master of Richland county to take the testimony. On the testimony thus taken the case came for trial before the Circuit Court, and resulted in a decree of foreclosure dated June 27, 1918. Pursuant to the terms of the decree, the master advertised the land for sale, and sold it on sales day, September 2, 1918. The land was bid in at the sale by Messrs. Melton & Belser, attorneys. Some time prior to the sale the defendant's attorney gave notice of intention to appeal from the order of reference made in the case. However, he gave no bond and did not secure an order staying the sale. This appeal was afterwards perfected, and was heard by this Court at the October term, 1918. This Court dismissed the appeal and sustained the judgment below by decision handed down in January, 1919. See *Miller v. Goodwin,* 98 S. E. 129.

"There were a number of bids at the sale in September, 1918. Defendant's counsel was not present at the sale. No notice of objection to the sale was given. No notice of irregularities in title or of outstanding dower claim was given. The sale was, therefore, a fair one, free from any circumstances likely to chill the bidding. Messrs. Melton & Belser proceeded to examine the title to the property, and finally refused to comply with their bid on account of the following alleged defects: Outstanding dower claim, claim of Alice Marsh, and claim of L. M. Daniels. They also refused to comply on account of the pending appeal as to the regularity of the order of reference. During the course of several months efforts were made to perfect the title, but without success. In February, 1919, the master readvertised the property for sale on sales day in March, 1919. A

few days prior to sales day in March the purchasers assigned their bid to Hunter A. Gibbes, and he in turn assigned it to West End Realty Company. On March 1, 1919, two days before the March sales day, the said company paid the amount of the bid, $960, and received a title deed from the master conveying the property. The public sale was then called off. The appellant, George Goodwin, claims to have made an offer to the master to pay the debt. This offer was made after the public sale on September 2, 1918. In fact, it is alleged to have been made a few days prior to the date of the conveyance in favor of West End Realty Company. After receiving the title deed, the purchaser made a motion in the Circuit Court for an order confirming the sale and for a writ of ejectment. This motion was opposed by George Goodwin with a motion to set aside the sale. The question as to whether or not the sale should be confirmed or set aside was then referred to the master for Richland county. He took the testimony offered and made his report, dated April 8, 1919, recommending that the sale be confirmed. The matter then came before Hon. T. S. Sease, presiding Judge, on exceptions to the master's report confirming the sale, and directing the sheriff to put the purchaser in possession of the premises described in the deed. From this order of Judge Sease confirming the sale the defendant now appeals to this Court."

The exceptions, seven in number, raise the following questions:

First, they assign error in refusing to set aside the deed on the ground that the original purhaser refused to comply with bid and the tender of the judgment made.

There is no doubt but that Messrs. Melton & Belser, attorneys, had the right, when they bid in the property, to have a reasonable time to investigate the title before complying with their bid, but they were not entitled to an unreasonable time to investigate this title, extending over several months. Pending this investigation, appel-

lant's attorney, and before assignment of bid by Melton & Belser, tendered to the master the full amount of the judgment and costs, which was refused by the master, as being too late under the terms of Judge Townsend's order of June 27, 1918.

This order provided for sale in September, 1918. At that time the property was sold. The master readvertised the property for sale for March, 1919. On February 28, 1919, a few days before sales day in March, 1919, the bid was assigned by Melton & Belser to Hunter A. Gibbes, and on March 1, 1919, Mr. Gibbes assigned his bid to West End Realty Company, who complied with the terms of bid and received title to the property. Pending the last advertisement for sale, and on Monday, the 3d day of March, 1919, and before the hour of sale, Mr. Evans, appellant's attorney, offered to pay the amount of judgment fixed by the decree of Judge Townsend, and stop the sale, which offer was refused by the master, who allowed the West End Realty Company to comply under their assigned bid, and gave to them a deed to the premises. Under the facts of this case the master was in error in not allowing the appellant to pay the full amount of judgment with costs.

Melton & Belser, after bidding off the property, had a reasonable time to investigate the title or assign their bid. If they or their assignees had complied with the terms of sale, they would have been entitled to a deed, and an offer to pay the judgment after the sale should have been rejected, but several months elapsed, and property was readvertised for sale, and a few days before sale the bidders assigned their bid, which was reassigned to the respondents, who complied, went into possession of the property, and pending this appeal, although required by an order of the Chief Justice to give bond in the sum of $1,000, admit that they have not done so.

The appellant's appeal from the order of Judge Sease is also sustained. The judgment of this Court is that, if the

appellant, within 30 days after remittitur of this Court is received in the Circuit Court, shall pay to the master for Richland county the judgment fixed by decree of Judge Townsend in full and all interest therein up to the day of payment as fixed by this judgment—that is, when remittitur of this Court is received by Circuit Court and all costs due thereon up to the time of sale intended to be made in March, 1919—then the deed executed to the respondents be set aside and declared to be null and void, and the order appealed from be reversed; otherwise the order appealed from be affirmed, however, with no costs of this appeal.

Affirmed *nisi.*